UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT ▌ DIVISION

| | |
|---|---|
| ERIC K. BROWN | CIVIL ACTION NO. 5:13-CV-02938 |
| VERSUS | JUDGE FOOTE |
| WARDEN DEVILLE | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

### I. Background

Before the Court is a motion for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Eric K. Brown ("Brown"). In 2010, Brown was convicted pursuant to a guilty plea in the Louisiana First Judicial District Court in Caddo Parish, Louisiana, on one count of possession of over 400 grams of cocaine. Brown was sentenced to 30 years imprisonment at hard labor. <u>State v. Brown</u>. Brown is presently incarcerated in the Richwood Correctional Center in Monroe, Louisiana.

In his Petition, Brown contends he was denied the effective assistance of pretrial counsel because: (1) Brown's trial counsel failed to investigate whether the State had proof to support the charge of possession of more than 400 grams of cocaine; and (2) Brown's trial counsel failed to review the video of Brown's aggravated flight. Brown argues that, but for his attorney's errors, he would not have pleaded guilty.

The Respondent answered the complaint and raised the defense of untimeliness (Doc. 14). Brown filed a reply (Doc. 15). Brown's Petition is now before the Court for disposition.

## II. Scope of Review

### A. Rule 8(a) Resolution

The Court is able to resolve this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact relevant to the petitioner's claims, and the state court records provide the required and adequate factual basis. See Moya v. Estelle, 696 F.2d 329, 332-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

### B. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and the Antiterrorism and Effective Death Penalty Act, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, pure questions of law and mixed questions of law

and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2). See Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885 (2001).

III.  Law and Analysis

  A.  Brown's habeas petition is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996, PL 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides a one-year period of limitation for filing applications for habeas relief at § 2244(d), as set forth below:

> "(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2241(d).

Although the one year period generally runs from the date on which the state criminal judgment became final, prisoners whose convictions became final prior to

the AEDPA's effective date of April 24, 1996 have a one-year grace period in which to file their habeas corpus petitions, or through April 24, 1997.  See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); see also Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998); U.S. v. Flores, 135 F.3d 1000 (5th Cir. 1998), cert. den., 525 U.S. 1091 (1999).

Moreover, the Fifth Circuit has held that the one-year limitation period may be tolled for any time during which a properly filed application for post-conviction relief is pending.  See Fields, 159 F.3d at 916; see also Melancon v. Kaylo, 259 F.3d 401, 404-405 (5th Cir. 2001); Hall v. Cain, 216 F.3d 518, 520 (5th Cir. 2000).  However, the limitation period is not tolled if an application for review of a ruling on post-conviction relief is not timely filed.  When the state limitations period is expired, a petitioner is not entitled to further appellate review and, therefore, has no application "pending" in state court.  A state court's subsequent decision to allow review of an untimely application may toll the time relating directly to the application.  However, it does not change the fact that the application was not pending prior to the time it was filed, and so does not toll the period before it was filed.  Thus, after the appeal period has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing.  See Melancon, 259 F.3d at 407.

Brown was convicted on August 12, 2010, and his conviction became final on August 26, 2011, when the delay for seeking a rehearing from the appellate court

4

expired.[1] Brown did not apply for writs to the Louisiana Supreme Court. Therefore, Brown had one year (of untolled time) from August 26, 2011, to file his federal habeas petition.

Brown filed his first application for state post-conviction relief on August 20, 2012 (Doc. 14-3, p. 145/276). That application was denied on October 21, 2012 (Doc. 14-3, p. 175/276). Brown file an application for supervisory writs to the Louisiana Second Circuit Court of Appeal on December 26, 2012 (Doc. 14-3, p. 192/276), which was denied on January 31, 2013 (Doc. 14-3, p. 233/276). At this point, Brown had 395 days of untolled time.[2] Brown filed an application for writs to the Louisiana Supreme Court on March 3, 2013 (Doc. 14-3, p. 234/276) which was denied on September 20, 2013 (Doc. 14/3, p. 276/276). Brown filed the instant federal habeas petition on October 23, 2013.

Since more than one year elapsed, untolled, between the time when Brown's conviction became final and the time when Brown filed his § 2254 petition, Brown clearly exceeded his one-year limitation period for filing his habeas petition.

Brown contends equitable tolling applies to his claim, pursuant to Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 133 S.Ct. 1911 (U.S. 2013). The Supreme Court, in Martinez and Trevino, recognized that ineffective assistance of

---

[1] A conviction becomes final at the conclusion of direct review or the expiration of the time for seeking such review. See La.C.Cr.P. art. 922; 28 U.S.C. § 2244(d)(1); State v. Lewis, 350 So.2d 1197 (La. 1977).

[2] See Louisiana Uniform Rules Court of Appeal Rule 4-3 ("In criminal cases, unless the judge orders the ruling to be reduced to writing, the return date shall not exceed 30 days from the date of the ruling at issue.").

.

5

counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default. See Ethridge v. Morgan, 2015 WL 4041707, at *4 (W.D. La. 2015), report and recommendation adopted, 2015 WL 4042152 (W.D. La. 2015) (Judge James).

However, as noted in Ethridge, 2015 WL 4041707 at *4, at least one Court of Appeals has held this line of cases does not apply to AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014), cert. den., 135 S.Ct. 106 (U.S. 2015); see also Moses v. Joyner, 815 F.3d 163, 167 (4th Cir. 2016), cert. den., 2017 wl 737851 (U.S. Feb. 27, 2017) (Martinez does not change the "reasonable time" limitation in Rule 60(c)(1)); Moss v. Department of Public Safety & Corr., 2015 WL 7941606, *9 at n. 30 (E.D.La. 2015), adopting report and recommendation, 2015 WL 8042187 (E.D.La. 2015) (Martinez and Trevino do not address or provide an excuse for the untimely filing of a federal habeas petition); Adams v. Stephens, 2015 wl 5459646, *4 (N.D. Tex. 2015); Walker v. Cain, 2015 WL 3902724, *3 (W.D. La. 2015) (Judge Stagg); Alfred v. Warden, 2015 WL 631110, *2 (W.D. La. 2015) (Judge Foote); Gibbs v. Vannoy, 2014 WL 2050664, *6 at n.1 (W.D. La. 2014) (Judge Walter). In Johnson v. Stephens, the Fifth Circuit discussed Martinez and Trevino in the context of procedural default, but did not apply them to the equitable tolling issue. See Johnson v. Stephens, 617 Fed.Appx. 293, 302-303 (5th Cir. 2015), cert. den., 136 S.Ct. 980 (U.S. 2016).

Therefore, equitable tolling is not applicable to Brown's habeas petition. Brown's habeas petition should be dismissed as time-barred.

### B. Alternatively, Brown's habeas claim should be dismissed because he did not have ineffective assistance of counsel at trial.

Brown contends his pretrial counsel failed to investigate whether the State had proof to support its contention that Brown possessed more than 400 grams of cocaine. Brown also contends his counsel failed to review the video of Brown's aggravated flight and realize there was insufficient evidence to support that charge. Brown argues that, but for his attorney's errors, he would not have pleaded guilty.

To prevail on a habeas complaint of ineffective assistance of counsel, a complainant must meet the two-pronged test set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984): (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. To make that determination the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. The court does not assess any alleged error in isolation. In an examination of state proceedings under 28 U.S.C. § 2254, the court will not reject an adjudication on the merits unless the action by the state court is found to be contrary to, or an unreasonable application of, clearly established federal law, or the state court's determination of the facts is manifestly unreasonable

in light of the evidence. Jones v. Cain, 227 F.3d 228, 230 (5th Cir. 2000), and cases cited therein.

Defense counsel has a constitutional duty to know or learn about the relevant law and evaluate its application to his or her client, particularly when a plea bargain is discussed, and hence sentencing becomes the client's preeminent concern. See Finch v. Vaughn, 67 F.3d 909, 916-917 (11th Cir. 1995) (citing Correale v. United States, 479 F.2d 944, 949 (1st Cir. 1973)). When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. To prove that counsel was ineffective, the defendant must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. See Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1981) (citing Tollett v. Henderson, 411 U.S. 258, 266 (1973)). In the context of a guilty plea, a petitioner must prove not only that his attorney actually erred, but also that he would not have pleaded guilty but for the error. See Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994), cert. den., 514 U.S. 1071 (1995).

Brown failed to yield during a left turn, failed to stop as directed by an officer, and engaged in a high speed chase that ended at a lake, where Brown was observed pouring cocaine from a bag into the lake. The chase was recorded, officers witnessed Brown pouring the cocaine into the lake, and the empty bag with cocaine residue was retrieved (Doc. 14-3, pp. 13-14, 61/276). The police determined that the package had contained approximately 2000 grams of powder cocaine (Doc. 14-3, p. 61/276). Brown was charged with aggravated flight from an officer, possession of more than 400

8

grams of cocaine, and attempt and conspiracy to possess with intent to distribute over 400 grams of cocaine (Doc. 14-3, p. 6/276).

Brown was already a multiple felony offender. He could have been billed as a habitual offender and received a sentence of life imprisonment if he was convicted of only one of the charged felonies (Doc. 14-3, pp. 16-33/276). Brown pleaded guilty to possession of more than 400 grams of cocaine in exchange for a 30-year sentence, dismissal of the other charges, and no habitual offender bill (Doc. 14-3, pp. 106-107/276).

Brown now argues he could not have been convicted of possession of more than 400 grams of cocaine because only the bag was found. Brown further argues he could not have been convicted of aggravated flight because, although he exceeded the speed limit, he did not endanger the public. Brown contends that, but for erroneous advice from his attorney, he would not have pleaded guilty.

As the Respondent points out, Brown was driving up to 80 miles per hour through a residential area where the posted speed limit was only 30 miles per hour and ran two stop signs. These factors were not brought out at Brown's plea hearing, but Brown's flight from the officer was recorded, and his excessive speed and other infractions were included on the ticket written by the officer (Doc. 14-3, Tr. p. 13/276).

Pursuant to La.R.S. 14:108.1, there must be at least *two* aggravating factors for a conviction for aggravated flight, of which driving at a speed in excess of 25 mph over the speed limit is one.

La. R.S. 14:108.1, in pertinent part, defines aggravated flight from an officer as follows:

> C. Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop or of an operator to bring a watercraft to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle or marked police watercraft.
> D. Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle or watercraft commits **at least two** of the following acts:
> (1) Leaves the roadway or forces another vehicle to leave the roadway.
> (2) Collides with another vehicle or watercraft.
> *(3) Exceeds the posted speed limit by at least twenty-five miles per hour.*
> (4) Travels against the flow of traffic or in the case of watercraft, operates the watercraft in a careless manner in violation of R.S. 34:851.4 or in a reckless manner in violation of R.S. 14:99.
> *(5) Fails to obey a stop sign or a yield sign.*
> (6) Fails to obey a traffic control signal device.
> [Emphasis added.]

See State v. Jones, 2012-0565 (La.App. 4 Cir. 4/24/13, 7–8), 115 So.3d 643, 648–49. Brown's actions, in speeding more than 25 miles per hour over the posted speed limit and failing to stop at stop signs, satisfied the elements of aggravated flight. Therefore, the State could have convicted Brown of aggravated flight.

Brown argues he could not have been convicted of possess of more than 400 grams of cocaine because the State did not find the cocaine. However, if Brown had been tried and convicted on just one of the charged felonies, of which aggravated flight was the most certain, the State was going to file a habitual offender bill against him

10

and he would have been imprisoned for life. Therefore, for purposes of Brown's plea agreement, it did not matter whether the State would have convicted Brown of possession of more than 400 grams of cocaine.

The State offered Brown the plea agreement because it did not want to go to the time, trouble, and expense of a trial, not because it could not prove at least one of Brown's felony charges. Brown's deal was not a choice of whether or not to plead guilty to any of the charges, and was not a choice between being convicted of a felony carrying a 30-year sentence (possession of cocaine) or a felony carrying a five-year sentence (aggravated flight). Instead, Brown had to choose whether or not he would be billed as a habitual offender and sentenced to life imprisonment. Acting on the advice of his counsel, Brown accepted the plea deal, and reaped its benefits.[3] Brown pleaded guilty to possession of over 400 grams of cocaine and thereby admitted the elements of that offense. In exchange, Brown was convicted on only one count, was sentenced to 30 years imprisonment, was not billed as a habitual offender, and was not sentenced to life imprisonment.

Brown has not carried his burden of proving his attorney erred. Therefore, Brown has not proven he had ineffective assistance of counsel at his plea hearing. Brown's habeas petition should be denied.

---

[3] Brown's cited cases are inapposite. In State v. Carr, 95-K-1118 (La. 11/30/95), 665 So.2d 1234, defense counsel erred in advising Defendant to plead guilty when there was no evidence against him. In State v. Washington, 491 So.2d 1337 (La. 1986), defense counsel erred in advising Defendant to plead guilty to a charge to which there was a complete defense. In State v. Calhoun, 96-0786 (La. 5/20/97), 694 So.2d 909, defense counsel advised Defendant to enter a "best interest" plea without advising him of the sex offender registration requirements.

IV. <u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Brown's § 2254 habeas petition be DENIED AND DISMISSED WITH PREJUDICE as time-barred. In the alternative, IT IS RECOMMENDED that Brown's § 2254 habeas petition be denied and dismissed with prejudice as meritless.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on this <u>2nd</u> day of March 2017.

_____
HON. JOSEPH H. L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE