UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ERIC K. BROWN** | **CIVIL ACTION NO. 5:13-CV-02938** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN DEVILLE** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## JUDGMENT

After an independent (de novo) review of the record, including the objections filed herein, this Court agrees with the ultimate conclusion of the report and recommendation of the Magistrate Judge. However, this Court does not concur in the provided timeliness calculation and thus provides its own.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing an application for a writ of habeas corpus by an individual in custody pursuant to the judgment of a state court. This one year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. § 2244(d)(1)(A). In this matter, Eric Brown ("Brown") was convicted on August 12, 2010. Brown's conviction became final on September 13, 2010, upon the expiration of the thirty day period for filing a motion for appeal provided by Louisiana Code of Criminal Procedure article 914. See State ex rel. Nicholas v. State, 2015-1060 (La. 4/22/16), 192 So. 3d 729, 731. Note that this date would have been September 11, 2010, but this date fell on a Saturday. See La. Code Crim. P. art. 13. Thus, September 13, 2010 is the point in time that Brown's one year limitation period began to run. This one year limitation is tolled during the time when a properly filed application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). The Fifth Circuit has previously found a Motion to Correct an Illegal Sentence to be a properly filed application for state post-conviction relief or other collateral review that tolls this one

year limitation period. Sampia v. Cain, 48 F. App'x 916, 2002 WL 31114916, at *4 (5th Cir. 2002). Thus, when Brown filed his Motion to Correct an Illegal Sentence on October 11, 2010, this tolled the one year period until June 2, 2011, when the Louisiana Second Circuit Court of Appeal denied his writ application. Twenty-eight days passed between September 13, 2010 and October 11, 2010. Added to these twenty-eight days is the time between June 2, 2011 and August 20, 2012, the day on which Brown filed his uniform application for state post-conviction relief. Four-hundred and forty-five days elapsed during this time. Further, Brown did not file his petition with this Court until October of 2013. Thus, it is abundantly clear that, even giving Brown the benefit of tolling due to his Motion to Correct an Illegal Sentence, Brown's § 2254 application to this Court is untimely.

With the exception of the timeliness calculation, this Court adopts the findings and recommendation of the Magistrate Judge previously filed herein.

Thus, **IT IS ORDERED** that Brown's § 2254 habeas petition is **DENIED AND DISMISSED WITH PREJUDICE** as time-barred and, alternatively, as meritless.

**THUS ORDERED AND SIGNED** in Chambers in Shreveport, Louisiana on this 30th day of March, 2017.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE